**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ARUTYUN DEMIRCHYAN,
                    *Petitioner,*

v.

ERIC H. HOLDER JR. Attorney
General,
                    *Respondent.*

No. 06-73326

Agency No.
A028-234-622

D.C. No.
2:08-cv-03452
SVW-MAN

ORDER

Filed April 19, 2011

Before: John T. Noonan, William A. Fletcher, and
Ronald M. Gould, Circuit Judges.

_____

## ORDER

The government moves to dismiss Arutyun Demirchyan's case for lack of jurisdiction based on his failure to file a notice of appeal from an order entered by the district court. The motion is denied.

On May 15, 2008, we issued an order transferring Demirchyan's case to the district court "for a de novo review of Demirchyan's citizenship claim" pursuant to 8 U.S.C. § 1252(b)(5)(B), which provides that:

> If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court of the United States for the

judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought under section 2201 of title 28.

Our order directed that Demirchyan's petition for review be held in abeyance pending the district court's citizenship determination.

On September 15, 2010, the district court entered judgment concluding that Demirchyan "is not a U.S. citizen pursuant to 8 U.S.C. § 1432(a)" and returning the case "to the Ninth Circuit for further proceedings." *See Demirchyan v. Gonzales*, No. 08-3452, 2010 WL 3521784, *18-19 (C.D. Cal. Sept. 8, 2010). On December 21, 2010, we issued an order granting the government's motion to lift the order holding Demirchyan's case in abeyance.

The government argues that because a notice of appeal is required for this court to review a judgment in a 28 U.S.C. § 2201 action brought in the district court, a notice of appeal is required for the court to review a judgment entered pursuant to a transfer under 8 U.S.C. § 1252(b)(5)(B). The government's argument mistakenly assumes that in transferring Demirchyan's citizenship claim to the district court, the court of appeals relinquished jurisdiction. In *Campbell v. Blodgett*, 998 F.2d 763 (9th Cir. 1993) (en banc), we held that findings of fact and conclusions of law entered by the district court pursuant to a limited remand are not separately appealable. *Id.* at 763. For the present purpose, we see no meaningful distinction between transfer under 8 U.S.C. § 1252(b)(5)(B) and limited remand. Demirchyan was not required to file a notice of appeal to obtain review of the district court's citizenship determination.

No later than 40 days after the date of this order, Demirchyan shall move for voluntary dismissal or show cause why we should not adopt the district court's findings and conclu-

sions and deny the petition for review. If Demirchyan elects to show cause, a response may be filed within 10 days after service of Demirchyan's memorandum. Any motions to supplement the record shall be filed no later than 20 days after the date of this order.